**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAXIMO A. REYES-VASQUEZ,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:07-1460** |
| **v.** | : | **(CAPUTO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **UNITED STATES ATTORNEY** | : | |
| **GENERAL, EMBASSY OF THE** | | |
| **REPUBLIC DOMINICAN, &** | : | |
| **REPUBLIC OF SANTO DOMINGO,** | | |
| | : | |
| **Respondents** | | |

## <u>REPORT AND RECOMMENDATION</u>

On August 8, 2007, the petitioner, a prisoner at the Federal Correctional
Institution Allenwood, in White Deer, Pennsylvania, proceeding <u>pro se</u>, filed
the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.
(Doc. No. 1).  The petitioner challenges his extradition <u>from</u> the Dominican
Republic to the United States on August 13, 1997, contending that his
unlawfully abducted from his "Mother Country" in violation of Dominican law.[1]
(<u>Id.</u>).

The extradition was initiated by an arrest warrant issued on March 7,
1991 from the U.S. District Court for the Southern District of New York for
racketeering activity, including murder, and narcotics offenses.[2]   A second

---

[1]All of the facts presented in this Report and Recommendation have
been taken from the petition and its attached exhibits.

[2]The petitioner subsequently pleaded guilty to two counts of
racketeering and conspiracy to commit murder and was sentenced to an
aggregate term of thirty years.

arrest warrant was issued on September 11, 1991 from the same court and for the same offenses.   On July 10, 1997, the petitioner's extradition was executed pursuant to a request by the United States made under the Extradition Treaty Between the United States and the Dominican Republic ("Treaty"), June 19, 1909, 36 Stat. 2468.   The President of the Dominican Republic authorized the petitioner's extradition by executive decree on August 12, 1997, (Doc. No. 1 Ex. E),[3] and the petitioner was transported to the United States the following day.

This court has preliminarily considered the petition pursuant to 28 U.S.C. § 2243, which provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto</u>.

(emphasis added).   Bearing in mind that a <u>pro se</u> litigant's pleading is held to a less stringent standard than a pleading drafted by an attorney, <u>see</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)), this court nonetheless recommends that the petition be dismissed <u>sua</u> <u>sponte</u> because the petitioner lacks standing to bring his petition for habeas corpus, and he fails to present a cognizable claim. <u>See</u> 28

---

[3]The executive decree recognizes that the Dominican Republic's domestic law prohibits the extradition of nationals to another country, but states that the nation's international obligations under the treaty cannot be denied on the basis of domestic law. <u>Id.</u>

U.S.C. § 2243; <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a petition summarily when 'it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court' . . . .") (quoting Rules Governing §2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985).

The only issue that the petitioner may raise by a petition for habeas corpus in federal court concerning his extradition is whether "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Consequently, he cannot argue to this court that his extradition was unlawful on the basis of the Dominican Republic's domestic law. Whether the President of the Dominican Republic could lawfully authorize the petitioner's extradition despite the prohibition of the extradition of Dominican nationals under their domestic law is a matter reserved for the Dominican Republic's courts. <u>See</u> <u>Banco Nacional de Cuba v. Sabbatino</u>, 376 U.S. 398, 416-20 (1964), superseded by statute, Hickenlooper Amendment to the Foreign Assistance Act of 1964, Pub. L. No. 89-171, 79 Stat. 658-659. When a person challenges in federal court a foreign state's domestic law, the court must generally abstain, with certain exceptions irrelevant here, under the well-established act of state doctrine, which provides that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the

3

government of another, done within its own territory." Id. (quoting Underhill

v. Hernandez, 168 U.S. 250, 252 (1897)).

Therefore, this court must consider the petitioner's claims in light of the

extradition treaty under which he was indisputably extradited.  First, this court

finds that the petitioner lacks standing to bring his claim.  A person extradited

under an extradition treaty may not challenge the extradition or the resulting

prosecution on the basis of the terms of the treaty unless the rendering state

objects to the demanding state's actions or the treaty expressly allows the

challenge.[4]  United States ex rel. Saroop v. Garcia, 109 F.3d 165, 167-68 (3d

Cir. 1997); see id. (collecting cases).  The Dominican Republic has not

---

[4]This relates to the rule of specialty, which requires that the prosecution of an extradited person comport with the terms of the treaty and the extradition agreement.  See Sosa v. Alvarez-Machain, 504 U.S. 655, 659-60 (1992); United States v. Rauscher, 119 U.S. 407, 430 (1886); Saroop, 109 F.3d at 168 n.6.  While the Court in Rauscher uses "broad language" that is "seemingly protective of extradited defendants," United States v. Riviere, 924 F.2d 1289, 1298 (3d Cir. 1991), many courts of appeals, including the Third Circuit, have restricted an individual's right to avoid prosecution by the assertion of individual rights under an extradition treaty where the rendering state has expressly or implicitly waived its right to protest.  See id. at 1298-1300 (collecting cases).  The Third Circuit based its narrow reading of Rauscher on a state's right to deny asylum to fugitives within its borders.  Id. at 1300. An individual's right to challenge extradition is derivative of the state's rights; when the state has waived its right to challenge extradition, the individual loses his right.  Saroop, 109 F.3d at 168.
An extradited person may challenge the validity of the extradition treaty.  Saroop, 109 F.3d at 168.  However, the petitioner does not challenge the validity of the treaty itself, only its purported contravention by his government's extradition of him in violation of domestic law.  In any case, the United States and the Dominican Republic by their actions clearly view the treaty as valid.  See id. at 170-73 (A court must "look to the intent and actions of [the two states] to ascertain if there was a valid treaty. The nations' conduct proves dispositive.").

protested the petitioner's extradition or prosecution; indeed, it expressly authorized the petitioner's extradition to face the charges on which he was indicted and pleaded guilty. That authorization effectively operates as a waiver of the Dominican Republic's right to protect.  The treaty's terms also do not allow the petitioner to challenge his extradition and prosecution.  Accordingly, the plaintiff lacks standing to challenge his extradition and subsequent prosecution by petition for writ of habeas corpus.

Second, the court finds that the petitioner's claim that he was unlawfully abducted is not cognizable in federal court. When a person is forcibly abducted from a foreign state, he is subject to a federal court's jurisdiction and, therefore, amenable to prosecution[5] unless an extradition treaty exists between the foreign state and the United States that expressly prohibits forcible abductions.  Sosa, 504 U.S. at 661-63, 670.  The extradition treaty between the United States and the Dominican Republic has no provision

---

[5]This is the Ker-Frisbie doctrine, which provides:

> [T]he power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a "forcible abduction.". . . [D]ue process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with the constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

Sosa, 504 U.S. at 661-62 (internal citations omitted).

concerning the manner in which a person against whom an extradition request has been lodged must or should be extradited.  Consequently, it is clear that the treaty does not prohibit forcible abduction, nor can this court imply such a prohibition.  See Sosa, 504 U.S. at 666-69 (discussing why a prohibition cannot be implied in a treaty similar to that between the United States and the Dominican Republic).  Thus, even assuming arguendo that the petitioner was in fact forcibly abducted because he was not amenable to extradition under the extradition treaty, because his abduction did not violate an express provision of the treaty, the U.S. District Court for the Southern District of New York validly had jurisdiction over the petitioner.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the petitioner's petition for writ of habeas corpus be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: September 14, 2007
O:\shared\REPORTS\2007 Reports\07-1460.01.wpd

6